**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| CORNELLIUS DARELL PRIDE | ) | |
| | ) | Case No. 1:23-cv-121 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| KEVIN TURNER and | ) | |
| BRITTANY LAMB | ) | Magistrate Judge Susan K. Lee |
| | ) | |

---

**MEMORANDUM AND ORDER**

---

Plaintiff, a prisoner housed at the Madison County Detention Facility in Huntsville, Alabama, has filed (1) a complaint under 42 U.S.C. § 1983 asserting that he was sexually assaulted by his attorney and that his probation was revoked in false and/or closed criminal cases (Doc. 1) and (2) a motion for leave to proceed *in forma pauperis* (Doc. 2).  For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) will be **GRANTED**, and the Court will **TRANSFER** this action to the Northeastern Division of the United States District Court for the Northern District of Alabama, which is the proper venue for Plaintiff's claims.

## I.    MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the $350.00 filing fee required by 28 U.S.C. § 1914(a).  It appears from Plaintiff's motion and supporting documents that he is unable to pay the fee, and therefore, the motion to proceed *in forma pauperis* (Doc. 2) will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00.  The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900

Georgia Avenue, Suite 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.   VENUE

As previously noted, Plaintiff's complaint asserts claims arising out of incidents associated with Plaintiff's criminal cases in Madison County, Alabama (Doc. 1). Plaintiff identifies Defendant Turner as the Sheriff of Madison County, Alabama, and Defendant Lamb as an attorney in Huntsville, Alabama (*Id*. at 4). The general venue statute for federal district courts provides, in relevant part, as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be
> brought as provided in this section, any judicial district in which
> any defendant is subject to the court's personal jurisdiction with
> respect to such action.

28 U.S.C. § 1391(b)(1)-(3).  Huntsville, Alabama, is located in Madison County, which lies

within the Northeastern Division of the United States District Court for the Northern District of

Alabama.  28 U.S.C. § 81(a)(2).  Therefore, the Court concludes that the proper venue for this

case is the Northeastern Division of the Northern District of Alabama.

A federal district court may transfer a civil action to any district or division where it

could have been filed originally "in the interest of justice."  28 U.S.C. § 1406(a).  Accordingly,

the Clerk will be **DIRECTED** to transfer this action to the Northeastern Division of the United

States District Court for the Northern District of Alabama, and to close this Court's file.  The

screening of Plaintiff's complaint under the PLRA will be taken up by the transferee court.

### III.    CONCLUSION

For the reasons set forth above:

1.    Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2.    Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.    The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.    The Clerk is **DIRECTED** to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy; and

5.    The Clerk is **DIRECTED** to transfer this action to the Northeastern Division of the United States District Court for the Northern District of Alabama, and to close this Court's file.

**SO ORDERED.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**